HENNIGHAUSEN and WOLFF, Receivers *vs.* AUGUST TISCHER.

*Set-off by a Shareholder and Mortgagor in a Building Association, of Claims held by him against it, in Release of his Mortgage Debt—A Shareholder as Creditor of a Corporation.*

A shareholder in a building association who had made a mortgage to it, can set-off, as against the amount due by him to the association under the mortgage, certain claims held by him against it, these claims consisting of balances due from the association to members who had withdrawn from the association and assigned them to the mortgagor; and their being nothing in the constitution of the association which made it inequitable to allow the set-off, having due regard to the rights of others.

The appellee could be both shareholder and creditor of the corporation; as shareholder he is liable for his proportion of losses, but as creditor he is entitled to recover the amount due him, independently of all losses, as the balances assigned to him by withdrawing members must be presumed to have been ascertained, after allowing all deductions to which the withdrawing members, (the assignors,) were then subject or liable.

APPEAL from the Circuit Court of Baltimore City.

The facts of the case are stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, BRENT and MILLER, J.

*H. C. A. Smith* and *Alexander Wolff,* for the appellants.

It is not competent for a jury to allow a party the value of his stock as a set-off, though they believe from the evidence that there will be a surplus after the payment of all the liabilities of the bank. *Whittington vs. The F. Bank of S. & W.,* 5 *H. & J.,* 498; *Hall vs. United States Ins. Co.,* 5 *Gill,* 484, &c.

If stock is purchased with a knowledge of the insolvency of the corporation, such purchaser is in the same condition as the stockholder. *Angel & Ames on Corp.*, sec. 581; *James vs. Woodruff*, 10 *Paige*, (*N. Y.*,) *Ch. R.*, 541 *and S. C., in error;* 2 *Denio*, (*N. Y.*,) 574; *Hall vs. United States Ins. Com.*, 5 *Gill*, 484.

These claims were not due and payable at the time the affairs of the association were placed in the hands of receivers.

In a plea of set-off, the defendant should have alleged that the debt was *due* the assignor before the assignment. *Dilley & Walker vs. Roman & Darrow*, 17 *Md.*, 337; *Milburn vs. Guyther*, 8 *Gill*, 93.

There has not been a legal, regular transfer of these claims on the books of the association as provided for in the by-laws of said association. *Union Bank of Georgetown vs. Laird*, 2 *Wheat.*, 390; *Milburn vs. Guyther*, 8 *Gill*, 93; *Marborough Man. Co. vs. Smith*, 2 *Conn.*, 579.

*Thomas R. Clendenin* and *Abraham Sharp*, for the appellee.

The only question to be decided by this Court is, whether the appellee is entitled to receive credit for and to set-off against the mortgage debt, the books of deposit purchased by him, and receive from the receivers a release of said mortgage. The owners of said books, prior to the assignment thereof to the appellee, withdrew the said amounts credited upon the same, in accordance with the constitution of said association. That the amounts represented by these books were so withdrawn, is not contradicted by any testimony in this cause. The owners, by virtue of said withdrawals, became creditors of said association, and could sue and obtain judgments for the same. *Gaehle's Piano Manufacturing Co. vs. Berg, et al.*, 45 *Md.*, 113, 117. Nor is it contradicted that these claims, after the withdrawal, were assigned to the mortgagor for value.

The appointment of receivers did not affect his right to have such claims considered in reduction or settlement of the claim made against him.

Between the mortgagor and mortgagee there were mutual debits and credits, and, in such a case, the amount due by either party is only the balance after an accounting had between them. *Story's Equity Juris.*, secs. 1438 to 1443 ; *Dowler vs. Cushwa, Insolvent Trustee*, 27 *Md.*, 354 ; *Barbour on Set-Off*, 54.

By the premature dissolution of the association, the contract of the mortgage was at an end, and his liability is to be ascertained in the ordinary way; that is, as if the transaction had been between individuals, and not protected by the statutes in favor of building associations. *Windsor and Applegarth vs. Bandel, et al.*, 40 *Md.*, 172, 177.

It is the universal rule in bankruptcy, and insolvency of all kinds, that the true amount to be recovered by the assignee is the balance found after adjusting claims of each against the other. *Dowler vs. Cushwa, Insolvent Trustee*, 27 *Md.*, 354; *Marshall & Fisher, et al. vs. Cooper*, 43 *Md.*, 46 ; *High on Receivers*, 163 ; *Barbour on Set-Off*, 190 ; *Smith vs. Wash. Gaslight Co.*, 31 *Md.*, 12 ; *Penniman vs. Loney*, 40 *Md.*, 471.

Bowie, J., delivered the opinion of the Court.

The appellee being a shareholder in the West Saratoga Building Association, on or about the 7th of November, 1875, executed and delivered to that institution, a mortgage, which was duly recorded among the Land Records of Baltimore City.

The appellants, some time afterward, by a decree of the Circuit Court of Baltimore City, in a cause therein depending between *Joseph Litz, et al. vs. The West Saratoga Building and Savings Institution* were appointed receivers of said association, with power, among other things, to

release mortgages to it, and make distribution of the assets among its creditors.

The appellee, on the 5th of February, 1877, filed his petition in the Circuit Court, in the above entitled cause, alleging the execution and delivery of the mortgage, that he had since complied with all the conditions stipulated for in the same, and made such other payments as entitled him to have the same released; that the petitioner is a creditor of the corporation, by virtue of certain claims held by him against it, which should be credited on said mortgage, and which, if so applied, were more than enough to pay off said mortgage.

The petitioner charges that he had applied to the receivers to release his said mortgage, but they denied the right of the petitioner to the credits claimed, and to a release, and claimed there was a balance due them on the mortgage, etc.

The answer of the respondents admits the execution of the mortgage by the petitioner, to secure the payment of the dues, interest, and fines incident to a loan of eight hundred dollars, which he received from the association, until the loan shall have been fully repaid; and it admits that the petitioner has paid by way of weekly dues a part of his said mortgage debt; but denies that he has fully discharged the same. They disclaim all knowledge of petitioner's claims marked Exhibits A. T., No. 1 and 2, but say, if the petitioner, as a member of the association, has paid any money on unredeemed shares of stock of the association held by him, or purchased amounts from other members of the association, which said members had paid in on their respective unredeemed shares, he may file said claims with those of other creditors, but cannot claim the benefit of such payments or purchases as credits on his mortgage.

The respondents allege, they have reason to believe, the assets of the association will not be sufficient to pay the

judgments against it, and the promissory notes passed by it, so that the members who are holders of unredeemed shares, are not creditors, but debtors to the judgment creditors and note holders.

The petition, exhibits and answer were referred by order of the Court, to the auditor, to state an account between the petitioner and receivers, as to their respective claims.

In pursuance of which order, accounts A and B, were stated and filed by the auditor, together with certain depositions taken before him by the parties, in support of their respective pretensions.

In connection with and in addition to which, the parties by their counsel, agree that Exhibits A. T., No. 1, and A. T., No. 2, may be taken and used as evidence in this Court, as if copied into the record.

These exhibits contain printed copies of the constitution of the association, and entries made by the secretary of the society, of the money paid in by the members, to whom the books belonged, or sums due to them respectively.

The appellants excepted to auditor's account B, and the appellee to account A ; these accounts being the converse of each other, the one, presenting the claim of the petitioner according to his pretensions, the other representing the respondents' claims.

The Court below after argument ratified account B and rejected account A ; from which decree this appeal is taken.

The right of the appellee to a release of his mortgage depends upon the fact whether the credits he claims are properly applicable to the mortgage as payments, or set-offs to the claim of the mortgagee. These credits consist of balances due from the association to certain members who had withdrawn from the association and assigned them to the mortgagor.

The principal items of credit claimed by the petitioner, are not payments strictly speaking, but matters of set-off,

which is a peculiarly equitable defence and they should be allowed unless there is something in the constitution of the association which makes it inequitable to allow it, having due regard to the rights of others.

The object of the association professedly was " to procure for its members by their savings a capital, and deposit the same in a safe and interest-bearing way."

To accomplish this each member took a given number of shares, the par value of which was $100, and paid weekly installments of twenty-five cents per share and certain other dues.

If any member neglected to pay his weekly installments he was subject to a fine, and if these at any time amounted to the sum paid in by the member, the whole became forfeited to the association, and the defendant ceased to be a member.

The appellants contend, that the claims of Kreiner and Lowekamp were so much stock in the association, subject to be abated or reduced by their proportion of the debts of the corporation before they could be allowed as "set-off" to the debt due by the appellee to the corporation.

The appellee insists, that Kreiner and Lowekamp had ceased to be members by their notice to withdraw, and the amounts due them respectively were deposits to their credit assignable without rebate. By the 13th Article of the constitution it is provided, "every member may transfer his stock to members or non-members, the latter must be admitted firstly as members of the association," etc. In no case will the transfer be lawful, if not done by the secretary in the proper books.

Article 14 prescribes, "Any member wishing to withdraw from the association shall give written notice to that effect to the directors, who shall repay him all his weekly instalments or other moneys after one month from the day of his withdrawal."

"In case of any losses, or if notes or papers be accepted for cashing before receiving his notice of withdrawal, or

in case of fines against him such fines or part of loss will be deducted." Interest ceases from the day of notice of withdrawal.

From these articles it would appear that the transfer of *stock* can be made only to *members*, or those who become so before the transfer is perfected by entries in the proper books, whereby the capital is not diminished. But a withdrawal is a direct reduction of the capital to the amount of the shares held by the member withdrawing, and a conversion of the stock into a debt due by the corporation to him, after deducting all his liabilities, as in case of a partner retiring from a firm.

The secretary of the association deposes that Messrs. Kreiner and Lowekamp gave written notices to the association of their intention to withdraw according to the constitution, and the sums entered on their books, Exhibits A. T. No. 1, and A. T. No. 2 were entered by him as secretary and represent the balances due them. The assignment of those balances by the several owners of the books is also fully proved. The constitution does not require the written notices to be recorded or entered on the books of the corporation, and the absence of the notices themselves is sufficiently accounted for.

There seems, therefore, to be no valid reason for not assuming the claims above described to be "*bona fide*" debts due by the corporation to the assignors, and transferred by them to the appellee. There is no authority produced to show a shareholder may not also be a creditor of the corporation, such relations occur every day iu mercantile affairs.

As shareholder, he is liable for his proportion of losses, but as creditor he is entitled to recover the amount due him, independent of all losses, as the balances assigned him by withdrawing members, must be presumed to have been ascertained after allowing all deductions to which the withdrawing members, (the assignors) were then sub-

ject or liable. There is no sufficient evidence of insolvency of the corporation in this case. The proceedings under which the receivers were appointed are not made a part of the record ; "*non constat*" that the assets of West Saratoga Building Association are not sufficient to pay its debts.

The charter does not make the members responsible for the obligations of the corporation, except in the proportion of their shares to the whole amount of the debts.

The appellee in this case was the holder of two shares of the par value of $100, and a borrower to the amount of $800 on mortgage. As mortgagor he is entitled to redeem, reserving his liability as stockholder.

The order of the Court below of the 23rd November, 1877, sustaining the exceptions to the auditor's account A and rejecting the same, and overruling the exceptions to account B and ratifying the same, and directing the appellants to execute and deliver to the appellee a good and sufficient release of said mortgage, and allowing him to file his claim as a general creditor of the West Saratoga Building Association is affirmed, with costs to the appellee.

*Order affirmed, and
cause remanded.*