T. F. TILLINGHAST v. UNITED STATES SAVING & LOAN COMPANY.[1]

July 27, 1906.

Nos. 14,719—(110).

**Action on Foreign Judgment.**
    The plaintiff was the owner of twenty five shares of full-paid stock of the defendant, and gave notice of withdrawal. The parties disagreed as to the amount the plaintiff was entitled to recover for his stock. He brought an action in a court of general jurisdiction of Rhode Island to

[1] Reported in 108 N. W. 472.

recover the face value of his stock. The defendant, which was a going concern, answered, claiming the right to have deducted from the face value the amount of two assessments of ten per cent. each on the stock on account of losses sustained. Plaintiff recovered judgment for the full amount of his claim. The judgment has been paid, less a sum equal to the amount of the assessments. This is an action on the judgment to recover the balance thereof. *Held* that, as between the parties hereto, the plaintiff is a judgment creditor and the trial court erred in permitting the defendant to show that it was insolvent when the plaintiff gave notice of withdrawal, and that its capital stock was impaired to such an extent that no greater proportion of the moneys contributed by stockholders can be returned to them than has already been paid to the plaintiff on his judgment.

Appeal by plaintiff from an order of the district court for Ramsey County, Kelly, J., denying a motion for a new trial. Reversed.

*Stringer & Seymour* and *Theodore F. Tillinghast,* for appellant.

*Morphy, Ewing & Bradford,* for respondent.

START, C. J

Action to recover an alleged balance of $537.89 on a judgment recovered by the plaintiff against the defendant. The cause was tried by the court without a jury, findings of fact made, and judgment ordered for the defendant on the merits. The plaintiff appealed from an order denying his motion for a new trial.

The sufficiency of the evidence to sustain the findings of fact, except a finding as to the insolvency of the defendant, is not here challenged. The other assignments of error relate to the alleged errors in the admission of evidence.

The facts found by the trial court were in accordance with the allegations of the answer and are substantially these: The defendant is a loan and saving association duly organized under the laws of this state. On December 17, 1896, the plaintiff subscribed and paid $2,500 for twenty five shares of full-paid stock of the defendant, for which it issued to him its certificate providing for the payment of $2,500 and a definite annual dividend of seven per cent. per annum, payable semiannually, out of the profits of the defendant in accordance with coupons attached. The plaintiff thereupon became a member and stockholder

of the defendant. Thereafter and in the month of December, 1897, owing to losses in its business in excess of its revenue and contingent fund, the defendant, by order of the public examiner of the state, assessed all of its outstanding shares of stock ten per cent. of their face value. In the month of November, 1899, for a like reason and in compliance with a like order, the defendant assessed all of its outstanding shares of stock ten per cent. of their face value. All of the stockholders except the plaintiff and those represented by him as their attorney acquiesced in such assessment of their respective shares of stock, surrendered their original certificates, and received in lieu thereof new certificates for the original amount less the assessment.

The plaintiff on December 20, 1898, gave notice of his intention to withdraw his stock, which did not mature until the month of February, 1900, at which time the defendant offered to pay the plaintiff the face value of his certificates and matured coupons less the amount of the two assessments; that is, its withdrawal value. This offer was refused, and the plaintiff brought an action in the Appellate Division of the Supreme Court of the state of Rhode Island (23 R. I. 258, 49 Atl. 972) to recover the amount of his certificate, $2,500, and the amount of the matured coupons, $175. The defendant appeared in such action and interposed a defense, whereby it claimed the right to charge against the plaintiff's stock the amount of the two assessments, or, in other words, that the withdrawal value of the plaintiff's stock was less than its face value by the amount of the assessments. No other defense was made. The court disallowed the defendant's claim, and rendered judgment for the plaintiff for the full amount of his claim, in the sum of $2,846.91, being the face value of his certificate and coupons, with interest, and $9.40 costs. Thereafter and on September 24, 1901, the plaintiff commenced an action on this judgment in the district court of Ramsey county, Minnesota, for the recovery of the full amount thereof. On October 10, 1901, the parties entered into an agreement whereby it was stipulated that the defendant should pay to the plaintiff the amount which it had offered to pay before the action in which the judgment was recovered was commenced, with interest from the date of the offer, and the $9.40 costs so incurred, and that on payment of such sums the action then pending should be dismissed. It was also stipulated as a part of the same agreement that the defendant

should pay the plaintiff in two years, in instalments, the further sum of $537.89, the amount of the two assessments which it had previously claimed the right to deduct from the amount of the plaintiff's claim. The defendant made the cash payment, and paid the costs as agreed, and the action was dismissed; but it has never paid any part of the $537.89.

On March 27, 1902, the defendant, pursuant to the direction of the public examiner, went into voluntary liquidation by virtue of section 20, c. 233, p. 333, Laws 1901, approved April 11, 1901, and has ever since been and is closing up its affairs under the direction and control of the public examiner. At the time the plaintiff filed his notice of withdrawal of his stock in November, 1898, and at all times thereafter, the defendant was and is insolvent, and its capital stock, by losses and depreciation of assets, was impaired to such an extent that no greater proportion could have been at any time, or can now, be returned to any stockholder than that which has already been paid to and received by the plaintiff. Nor was any greater proportion paid to any other stockholder.

There is here no claim made that the foregoing facts found by the trial court are not supported by the evidence, except the finding to the effect that the defendant was insolvent December 28, 1898, the date of plaintiff's notice of withdrawal, and ever since has been. The plaintiff insists that this finding is not supported by the evidence, for the reason that it shows that up to March 27, 1902, the defendant met its financial obligations as they became due. · If, as the plaintiff claims, insolvency of a building, loan, and saving corporation is the inability to meet its obligations as they mature, there would be some foundation for his claim. Insolvency of building or loan and saving associations of the character of the defendant is inability to satisfy in full all the demands of its own members, or in other words it is such a condition of its affairs as reduces its available and collectible funds below the level of the amount of stock already paid in. Endlich, Building Assn., § 488; Towle v. American Bldg. Loan & Inv. Soc. (C. C.) 61 Fed. 446. The defendant within this rule was insolvent, and the finding is sustained by the evidence. The findings of fact by the trial court must, then, be accepted as correct for the purposes of this appeal, and the question for our decision is whether the evidence to prove them

was competent and material. If it was, the trial court did not err in receiving it. The question in its last analysis is whether the facts found justify the trial court's conclusion of law to the effect that the plaintiff was not entitled to recover in this action the balance remaining unpaid on his judgment.

The defendant does not concede that this is an action to recover on the judgment. Nevertheless it is clear that it is. The agreement in reference to its payment did not provide for the release of the judgment, but only for the dismissal of the then pending action upon the judgment. Unless it was so expressly agreed, the partial payment on the judgment and the promise to pay the balance at a stated time in the future would not constitute payment and discharge the judgment. Geib v. Reynolds, 35 Minn. 331, 28 N. W. 923; Combination S. & I. Co. v. St. Paul City Ry. Co., 47 Minn. 207, 49 N. W. 744. There is no claim of any such agreement in this case. It may be conceded that if there had been no judgment, and this were an action to recover on the defendant's promise to pay the amount in controversy the facts found would constitute a defense. Officers of an insolvent building, loan, and saving association have no power to create any preference among stockholders in the distribution of its assets. Whether in proceedings against the defendant and the appointment of a receiver by the court to marshal its assets and equitably distribute the net proceeds thereof to its creditors and stockholders, the plaintiff would be entitled, as against other stockholders, to be paid any greater amount than he has already received, is a question as to which we intimate no opinion; for it is not before us. Proceedings in voluntary liquidation pursuant to the statute (Laws 1901, p. 333, c. 233, § 20) are not in their legal effect the equivalent of such proceedings. The defendant's property is neither in court nor subject to its control. The plaintiff's judgment was recovered before the liquidation statute was enacted and while the defendant was a going concern, and it continued to be so for more than a year thereafter.

The judgment, then, was not obtained against a corporation which had ceased to be a going concern, and whose assets were in the hands of a receiver to be marshaled and distributed upon equitable principles under the direction of the court. The defendant appeared in the action in which the judgment was obtained, and litigated the question as

to how much the plaintiff was entitled to receive on the withdrawal of this stock. He claimed that the face value of his certificates was its withdrawal value, and to recover that amount. The defendant conceded the value to be the sum it had previously offered to him, and no more, and claimed to have deducted from the face value of this stock the amount of the two assessments because they represented his pro rata share of the depreciation of the assets of the defendant and to this extent affected the value of his stock. The court had jurisdiction of the parties and the subject-matter of the action, there was no fraud, and the court determined the issues of fact and law in favor of the plaintiff, and awarded judgment in his favor for the full amount of his claim. The judgment has never been set aside or reversed. Tillinghast v. U. S., 23 R. I. 258, 49 Atl. 972. This judgment is conclusive, as between the plaintiff and the defendant, of the issues as to the amount the plaintiff was entitled to upon the withdrawal of his stock. The question is res adjudicata between them. It follows that in an action in the courts of this state upon the judgment full faith and credit must be given to it. The only defense that can be made to it is want of jurisdiction, or fraud, or payment. O'Brien v. Manwaring, 79 Minn. 86, 81 N. W. 746, 79 Am. St. 426.

The defendant conceded the validity of the judgment, and that full faith and credit must be given to it, but insists that, if the plaintiff recovers judgment in the courts of this state for the unpaid balance of his foreign judgment, it would result in an inequitable preference in favor of the plaintiff, for the reason that he has already been paid upon his judgment the full sum of his pro rata share of the assets of the defendant, or, in other words, he has already been paid the full withdrawal value of his stock, and, further, if judgment were awarded to the plaintiff in this action, its collection would be enjoined; hence the facts found by the trial court constitute an equitable defense to this action. It must be conceded, as the defendant's counsel claims, that a member of a building or saving association which is in fact insolvent at the time his notice of withdrawal of his stock is given is not a general creditor of the association, and he is only entitled to share pro rata with other stockholders in the assets of the association, although he holds notes or orders of the association for the supposed withdrawal value of this stock. Heinbokel v. National Savings Loan & Bldg.

Assn., 58 Minn. 340, 59 N. W. 1050, 25 L. R. A. 215, 49 Am. St. 519; Christian's Appeal, 102 Pa. St. 184; Leahy v. National, 100 Wis. 555, 76 N. W. 625, 69 Am. St. 945; Colin v. Wellford, 102 Va. 581, 46 S. E. 780, 102 Am. St. 859; Chapman v. Young, 65 Ill. App. 131. In the last case cited the rule was extended to a stockholder who had recovered judgment on his notice of withdrawal in a decree providing for the distribution of the funds of the association in the hands of a receiver.

The plaintiff, however, in the case at bar, is as between himself and the defendant a judgment creditor, and not a stockholder seeking to recover the withdrawal value of his stock. His judgment in Rhode Island, as between the parties, necessarily determined that he had taken the necessary steps to withdraw his stock, his right to maintain the action, and the amount he was entitled to recover upon such withdrawal—that is, the actual withdrawal value of his shares—was determined by the judgment. The defendant then knew that the value of its shares had been reduced by losses. Such being the case, it follows that the evidence to establish the facts found in this case by the trial court was not admissible, for such facts do not constitute a defense to this action by the plaintiff as a judgment creditor to recover the unpaid balance due on his judgment.

Order reversed and new trial granted.