# CIRCUIT COURT OF BALTIMORE CITY.

Filed September 10, 1907.

EX PARTE IN THE MATTER OF THE NATIONAL BUILDING ASSOCIATION OF BALTIMORE CITY.

*E. C. Carrington, Jr.*, for exceptant.
*S. S. Field* for ratification of account.

ELLIOTT, J.—

The question in this case has been raised by the statement of the Auditor's Account B, and the exceptions filed to its ratification.

It is one between those who were, at one time or another, stockholders in the National Building Association, and the matter to be decided is whether the persons who had accepted the terms upon which they were to sever their relation as stockholders, are to be put upon the same basis with those who continued their relationship as stockholders. If they are to be so placed it must evidently be because of the inability of the corporation to pay what it agreed to pay, and have, left, what those who remained in expected they would get.

But this result did not occur until after the withdrawing members had ceased to have any control over the Association, and if the project had been successful no advantage would have accrued to the withdrawing members, over and above what they agreed to accept and what the continuing members had agreed to pay them.

That there is not as much remaining over after paying the withdrawing members, as was expected, is no reason why, in a case where only the two classes of stockholders are concerned, the withdrawn members should not be held entitled to enforce the terms upon which they withdrew.

The case of Henninghausen et al., receivers, vs. Fischer, 50 Md., 589, clearly establishes the doctrine that when a stockholder of such an association as the National Building Association gives notice of intended withdrawal, he becomes a creditor of the association to the amount of his ascertained payments into it, subject, of course, to the claims of those who have become creditors without being stockholders, and as such creditors they are entitled in preference to the continuing stockholders.

It is easy to make application of that doctrine in the present case, and I see no reason why the exceptions should not be overruled, and the account ratified. An order will be signed in accordance with this opinion.