# CHARLES BRUNETTE v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

July 12, 1912.

Nos. 17,573—(182).

**Statute applies to nonresident minor.**

R. L. 1905, § 4060, providing that a father may maintain an action for the injury of a minor child, applies to a nonresident minor child on whose behalf an action is brought in this state.

**Jurisdiction of minor — judgment.**

In an action so brought by a nonresident father on behalf of his minor child, the courts of this state have jurisdiction of the person of the minor, and a judgment rendered in such action would bar a subsequent action by or on behalf of the minor, brought either in the courts of this state or in the courts of a sister state.

**Representative of minor — domestic law.**

Who shall represent a minor in an action in this state is a matter wholly of procedure, and no part of the cause of action of such minor. Therefore the laws of this state govern as to this question, and not the laws of the domicile of such minor or his parents.

Action in the district court for Ramsey county by Charles Brunette, as the father of Guy J. Brunette, a minor, to recover $25,000 for injuries sustained by the son. The case was tried before Kelly, J., who granted defendant's motion to dismiss the action. From an order denying plaintiff's motion for a new trial, he appealed. Reversed.

*Barton & Kay,* for appellant.

*J. L. Erdall* and *M. D. Munn,* for respondent.

BUNN, J.

Guy J. Brunette, a minor, residing with his parents in the state of Michigan, lost one of his legs by being run over by cars of de-

[1] Reported in 137 N. W. 172.

fendant while attempting to cross its tracks in Gladstone, Michigan. This action was brought in this state in the name of Charles Brunette, "as father of Guy J. Brunette," to recover for the injuries received; the complaint alleging negligence on the part of defendant. Jurisdiction of defendant was obtained here. The answer denied negligence, and alleged contributory negligence. On the trial, defendant objected to any evidence, on the ground that the court had no jurisdiction of the subject-matter; the accident having happened in Michigan, the minor and his father being residents of that state, and no guardian or guardian ad litem having been appointed, as required by the laws of Michigan before an infant can prosecute an action. This objection was sustained, and the case dismissed. A motion for a new trial was denied, and plaintiff appealed.

It is the position of the respondent, and was that of the trial court, that a nonresident parent cannot maintain an action on behalf of a nonresident minor, under section 4060, R. L. 1905.

1. The first reason advanced in support of the conclusion of the trial court is that section 4060 was intended to apply only to citizens of Minnesota. The language of the section will not bear this construction. The rule is well settled that words in a statute importing general application will not be restricted to the citizens or residents of this state. Renlund v. Commodore Mining Co. 89 Minn. 41, 93 N. W. 1057, 99 Am. St. 534. It is clear that the injured person may sue in the courts of this state, though he is a nonresident, and though the accident happened without the state, providing, of course, that jurisdiction of the person of defendant is acquired. If he is a minor, no sound reason exists for denying him the benefit of our laws that concern the subject of who shall act as the representative of the minor in prosecuting the action here. Without deciding whether this state could refuse to give citizens of another state the benefit of this law, we hold that it has not attempted to do so, and that the statute applies to nonresidents, as well as to residents and citizens, of Minnesota. The argument that the court would have no power or control over the nonresident parent, and could not enforce the provisions of section 4060 as to requiring security to be given, does not seem to us sound. We perceive no valid reason why payment

to the parent of any judgment or sum received in settlement cannot be made conditional upon the bond being given, or why the courts of the domicile cannot be safely trusted with thereafter protecting the interests of the minor.

2. The second reason assigned for holding that this action cannot be prosecuted on behalf of the minor by his father is that a judgment in this case would not bind the minor in the courts of Michigan.

The real question here is whether jurisdiction of the minor is acquired. If it is, then the courts of Michigan are bound to give full faith and credit to the judgment. If, however, there is a want of jurisdiction, the judgment is not entitled to be given full faith and credit in the courts of other states. Thompson v. Whitman, 85 U. S. 457, 21 L. ed. 897; Tillinghast v. United States Savings & Loan Co. 99 Minn. 62, 108 N. W. 472. The courts of Michigan would have to determine the question whether the courts of this state had jurisdiction; but we can see no reasonable doubt that they would decide that we had jurisdiction of the subject-matter and the parties.

The only possible doubt here is on the question of the jurisdiction of the person of the minor. We have held in several cases that the judgment in an action brought by the father for the benefit of his minor child under section 4060 is a bar to any subsequent action for the same cause prosecuted by the minor, by his guardian, general or ad litem, or by himself when he reaches his majority. The infant is a party to the action, through his father as his representative. Lathrop v. Schutte, 61 Minn. 196, 63 N. W. 493; Bamka v. Chicago, St. P., M. & O. Ry. Co. 61 Minn. 551, 63 N. W. 1116, 52 Am. St. 618; Hess v. Adamant Mnfg. Co. 66 Minn. 79, 68 N. W. 774. It is the infant's case. He is the real party plaintiff. At common law he could sue through a guardian ad litem, or through a next friend, and it was generally held that, in the case of representation by his "next friend," no appointment was necessary. 22 Cyc. 640, note 82. It was so held in Michigan (Sick v. Michigan, 49 Mich. 50, 12 N. W. 905), in which case the mother sued in the joint right of herself and her minor children, naming them as coplaintiffs with her, though she did not designate herself as next friend. It was held that

she was the natural guardian of her children, the father being dead,. that the appointment in such a case would be a mere formality, and the failure to make it could be cured by verdict. This is in accord with the general rule that, in the absence of fraud, a judgment in a suit by an infant cannot be attacked collaterally on the ground that the person representing the infant was not regularly appointed, at least where such person is the de jure or natural guardian of the infant. Even where the infant is defendant, such a judgment is not void,. but merely voidable. Schimpf v. Wayne, 129 Mich. 103, 88 N. W. 384; Eisenmenger v. Murphy, 42 Minn. 84, 43 N. W. 784, 18 Am. St. 493.

The father is the natural guardian of his minor child, and when the complaint shows that the action is brought for the benefit of the child, and a judgment is rendered in favor of or against the child, it would seem clear that no court could hold there was no jurisdiction over the person of the infant. This is only pertinent in answer to the argument that the courts of Michigan would not be obliged to give full faith and credit to any judgment rendered in this case because of the alleged want of jurisdiction to render that judgment. It is plainly not the law that the courts of a sister state are not compelled to give full faith and credit to judgments of the courts of this state solely because the procedure provided by the statute of such sister state differs from the procedure provided by our statutes. We hold that the decision of the trial court cannot be sustained on the ground that a judgment in this case would not bar the minor in the courts of Michigan.

3. The third contention of respondent is that the right of the minor to maintain an action is governed entirely by the laws of the state of which he is a resident, and that those laws must therefore control as to who shall represent the minor. It is true that the laws of Michigan control on the question of whether this minor has a cause of action, because the accident happened in Michigan; but, of course, it cannot be disputed that under the facts pleaded in this complaint the minor had a cause of action that he could prosecute whenever he could obtain jurisdiction of the defendant. The theory is that the statutes of Michigan providing who shall

represent the minor in an action in some way affect or limit his cause of action, or his right to sue. We cannot sustain this view. The minor had a cause of action, and a right to prosecute it, both at common law and under the Michigan statutes. The matter of who shall represent the minor, whether guardian, guardian ad litem, next friend, or parent, is one wholly of procedure, is no part of his cause of action, and does not limit or affect his right to seek a remedy. Under the contention of respondent, carried to its logical conclusion, either a nonresident minor could never sue in the courts of this state, or else he could not unless a court of the state where he resided appointed a guardian ad litem or next friend according to the laws of such state. It is plainly the law that a nonresident minor may sue in the courts of this state, and equally plain in our opinion that, when he does, the laws of this state govern as to all matters of procedure, including the matter of who shall represent him.

As stated in Fryklund v. Great Northern Ry. Co. 101 Minn. 37, 111 N. W. 727: "It is elementary that the lex fori governs all matters relating to the remedy and course of procedure. It controls the form of the action, * * * the parties to the suit * * * and the sufficiency of the pleadings and the competency of the evidence." It is undoubtedly the rule that a guardian ad litem for an infant party should be appointed by the court in which the action is brought and pending, even where the infant is a nonresident of the state. We hold that the laws of Minnesota control as to the matter of how an infant plaintiff shall be represented in an action in the courts of this state. The cases holding that, where a statute gives to the personal representatives of a deceased person a right of recovery for the benefit of the widow or next of kin on account of death by wrongful act, the action, if brought in another state, must be brought by the personal representatives designated by the statute and named or appointed in the state where the death occurred, are not here in point. They are decided on the theory that the right of action is given by the foreign statute, and that the provisions vesting the right in certain named persons pertain to the right, and not to the remedy.

We are of the opinion that the learned trial court was in error in

sustaining the objection to any testimony, and in dismissing the action.

Order reversed, and new trial granted.