DURKEE and others vs. THE CITY BANK OF KENOSHA.

A complaint in an action to recover treble the amount of moneys paid as usurious interest, stated that the moneys were "required" from the plaintiff by the lender, under the pretense of exchange, at the times of the renewals of sundry notes, which times were stated to have been more than one year before the suit was commenced; but concluded by alleging that the moneys thus required were paid within one year before the suit was commenced. *Held*, on demurrer, that the payment of the usurious interest within a year before the bringing of the suit, was sufficiently alleged.

The provisions of the statute against usury, approved March 10, 1851, applied to banks as well as to natural persons, the only difference being that the former were restricted to interest at the rate of ten per cent., while the latter were allowed to receive twelve per cent.

It was not necessary, under that statute, that the borrower should pay the principal before he could sue to recover treble the amount of usurious interest paid. It was the payment of the usury, as such, that gave the right of action.

Where the payment of exchange on New York, in addition to the highest rate of interest allowed by law on special contract, is required as a condition of a loan made in this state, and this is done solely with a view of obtaining more than legal interest, and with the understanding that the loan is not to be repaid in New York but in this state, the contract is usurious.

The court cannot look into a count of a complaint, which is not demurred to, for the purpose of either aiding or defeating those which are. Upon separate demurrers, each count must stand or fall upon its own merits.

APPEAL from the Circuit Court for *Kenosha* County.

The complaint in this action, which was for the recovery of treble the amount of moneys alleged to have been paid by the plaintiffs to the defendant as usurious interest, was filed in November, 1858. The defendant demurred to the first thirteen counts of the complaint, as not stating facts sufficient to constitute a cause of action, in this, that they did not show that the usurious interest was paid by the plaintiffs within one year next preceding the commencement of the action. The demurrer was heard and sustained at the February term of the circuit court in 1860, and the plaintiffs appealed. The substance of the complaint is stated in the opinion of this court.

*J. J. Pettit* and *F. S. Lovell,* for appellants :

Banks in this state are subject to the provisions of the acts relating to interest. *Rock River Bank vs. Sherwood,* 10 Wis., 230. Any contrivance to evade the statute whereby a greater sum than is allowed by law, is agreed upon or taken for a loan or forbearance, is usurious. Blydenburg on Usury, 24 ; 3 McLean, 601, 611. In this case, the original contract being usurious, subsequent renewals of the loans, made in pursuance of that contract, are equally usurious. *Tuthill vs. Davis,* 20 Johns., 285 ; *Powell vs. Waters,* 8 Cow., 669 ; *Hackley vs. Sprague,* 10 Wend., 113 ; *Grubb vs. Remington,* 7 Wis., 349. The penalty of the law is incurred by the actual receipt of usury. Blydenburg on Usury, 97, 128, 231, 267, 276, 280, 294 ; 7 Yerg., 545 ; 4 Watts & Serg., 449 ; 1 Douglass, 235 ; 5 Dana, 83.

*E. W. Evans,* for respondent, contended that the allegations of the complaint showed that the plaintiffs paid the usury, if at all, at each renewal of the notes, and therefore that it was not paid within a year before the action was brought. 2. The agreement to pay exchange on New York, or the actual payment of it, did not render the contract usurious, because such payment could not be enforced by law, but was entirely gratuitous. *Adams vs. Cordis,* 8 Pick., 266; *Martin vs. Franklin,* 4 Johns., 124 ; *Scofield vs. Day,* 20 id., 102, &c. 3. It does not appear from the complaint that the plaintiff has paid or tendered the principal sum. Sec. 6, chap. 61, R. S. ; *Rock River Bank vs. Sherwood,* 10 Wis., 230. 4. Corporations are not liable to the penalties of this law. Compare sections 2 and 3 of chap. 61, R. S. As to banks, ample provision is made in the general banking law for punishing them by forfeiture of their charters for the taking of excessive interest, and it is not to be supposed that the legislature designed to inflict any additional penalty upon them, similar to that inflicted on natural persons. 5. Even if the legislature did so design, the action should be for the recovery of three times the excess over *twelve* per cent., and not over *ten* per cent. *Rock River Bank vs. Sherwood,* 10 Wis., 240, and cases there cited ; *Morrell vs. Fuller,* 7 Johns., 402, and 8 id., 217 ; *Cole vs. Smith,* 4 id., 193.

June Term, 1860.

DURKEE et al.
v.
THE CITY BANK OF KENOSHA.

January 2.

*By the Court,* DIXON, C. J. This action is brought under the provisions of the act of March 10th, 1851, prescribing and limiting the rate of interest, to recover treble the amount of various sums of money, alleged to have been paid by the appellants to the respondent as usury upon divers loans made by the latter to the former, the particulars of which are stated in the complaint. The complaint, which is somewhat voluminous for an action of this kind, contains fourteen counts, each of which embraces the details of several different transactions. It alleges that on the seventh day of July, 1855, and thence hitherto, the appellants have been associated and doing· business as dealers in lumber at Kenosha, under the copartnership name and style of *Durkee, Truesdell & Co. ;* that upon that day it was corruptly and against the the form of the statute, agreed between them and the respondent, that the latter should lend and advance to them, as such copartners, such sums of money as they should require to carry on their said lumber business, in such amounts from time to time as the respondent could well loan, and the parties might deem proper and expedient; that such loans were to be made upon the promissory notes of the appellants, with a single nominal indorser, and made payable at some time within sixty-five days from their respective dates, which time was to be expressed therein; that the respondent was to receive interest in advance at the rate of ten per cent. per annum on each note given for an original loan, and like interest on each renewal and extension thereof until finally paid; that no note was to be renewed or extended for a period exceeding sixty-five days at any one time; and that upon each renewal or extension, and as a condition thereof, there should be paid by the appellants to the respondent, in addition to the legal interest already paid thereon, the current rate of exchange between Kenosha and the city of New York upon the amount of such note, which rate of exchange is averred to have ranged from one to five per cent. This agreement for exchange is alleged to have been made for the purpose of hiding the corrupt and usurious nature of the transaction, and with intent to evade the spirit and object of the statute, by enabling the respon-

June Term,
1860.

DURKEE et al.
v.
THE CITY BANK
OF KENOSHA.

dent, under that pretext, to ask and receive a greater rate of interest than is allowed by it.    It is furthermore alleged that none of the notes were to be, or were in fact, transmitted to or used in New York, but that all were discounted and paid at the office of the respondent in Kenosha.    Then follows in the first thirteen counts, a minute history of the pecuniary dealings of the parties in pursuance of the agreement, from its date down to the first day of December, 1857.    To these counts the respondent demurred for want of a sufficient state-ment of facts to constitute a cause of action.    The fourteenth count is not demurred to, but, so far as the present issue is concerned, is conceded to be good, and therefore its contents need not be noticed.    The first count recites the particulars of a loan of $2,000, made on the day of the date of the agreement, to which further sums were subsequently added, and traces it down through the several renewals of the note which was given for it, to the first day of December, 1857, when it is alleged that the last note thus given was paid. The first note was payable to the order of William White, the nominal indorser, sixty days after its date, at the office of the respondent.    It was renewed some thirteen or four-teen times before it is alleged to have been finally paid, and upon each renewal, exchange at the rate of one per cent. was, in the language of the complaint, "required of and from the plaintiffs," in addition to the interest at the rate of ten per cent. per annum, which was invariably paid in advance.    The amounts thus required as exchange on each renewal, are specifically stated.    The count closes with an averment that the several sums of usurious interest thus required by the respondent under pretense of exchange on New York, and which amounted in the aggregate to $427 50, were paid by the appellants to the respondent on the first day of Decem-ber, 1857, and within one year next before the commence-ment of the action, and claims a recovery of treble the amount thereof.

The next eleven counts are similar in form and substance to that already alluded to, and contain narrations of as many different loans, alleged to have been made in pursuance of the same agreement, at various intervals between the 24th

day of November, 1855, and the 20th day of April, 1857. The notes given to secure these loans were in like manner renewed, until the first of December, 1857, at which time the principal sums loaned are averred to have been paid, and at which time also the several sums required as exchange upon the various renewals, are said to have been paid. The only point in which the notes thus given and renewed differ from those mentioned in the first count, is, that most of them were drawn payable in New York.

The thirteenth count avers that on the first day of December, 1857, the respondent held twelve notes against the appellants, which were payable in New York, and amounted in the aggregate to $3,800, and which had theretofore been discounted for the appellants by the respondent; that the interest thereon, at the rate of ten per cent. per annum, was deducted at the time the same were discounted; that between the first and tenth days of that month, the appellants paid all of said notes to the respondent at its banking house in the city of Kenosha; and that in addition to the principal sums due, the interest having been paid as above stated, the respondent exacted and the appellants paid, under pretense of exchange, but, in truth and in fact, as usurious interest, the further sum of $841 71. The payment of this sum is alleged to have been made in pursuance of the same agreement, and judgment for treble the amount is demanded.

The first objection taken by the respondent is, that it does not appear from the complaint that the alleged usury was paid within one year next before the commencement of the action, which was on the 29th day of November, 1858. In support of this objection, it is urged that the facts stated in the complaint show that the supposed exchange was paid at the time of each renewal, and not on the first day of December, 1857; that as each new note was given for the exact amount of the old one, and as the note must be deemed to represent the principal sum loaned, it necessarily follows that the usury, if paid at all, was paid at the time each note was given. It may be confessed that the entire history of the transaction as detailed in the complaint, leaves some room for suspecting that such might have been the case; nevertheless, we

cannot, in the face of the averments that it was paid on the first day of December, 1857, say that it was not. The language of those parts of the complaint in which the several renewals are described, is that, on each renewal, such and such sums were "required" under pretense of exchange. It is not alleged that they were then paid, but at the close of each count it is averred generally that all the sums thus required were paid on the first day of December, 1857. We are not informed why their payment was deferred; whether they stood as a matter of account; whether the appellants gave their notes for them, or what the particular arrangement was; but are simply told that they were required, and when they were paid. Neither are we informed what amount of money was paid on the first day of December. If we were, and it appeared that only so much was paid as was sufficient to pay the sums originally borrowed, it might afford still stronger ground for inferring that the alleged exchange was paid upon each renewal. But even then it might be doubtful whether the plain and positive averments as to the time of payment, which are admitted by the demurrer, could be thus rebutted. As it is, we cannot entertain a doubt that the respondent must abide by the facts which it has admitted to be true, and cannot be allowed to say that the exchange was paid at any other time.

The second point of objection has been already decided adversely to the respondent by this court. It is that money claimed and paid as exchange between different places, cannot constitute usury under the statute. In the case of *Towslee vs. Durkee*, decided at the present term, [12 Wis., 480], it was held that where such exchange was claimed and taken, not in good faith, but with intent to evade the statute, it was usury. The complaint is not defective in this particular. It is averred that the claim of exchange was merely colorable, and was made for the express purpose of escaping the penalties of the statute.

The third objection is, that it affirmatively appears from the complaint that the principal sums have not been paid or tendered, and that no action can be maintained until that has been done. The information as to the non-payment of the

June Term,
1860.

principal is gathered or inferred from the facts stated in the fourteenth count. This count is not demurred to, and we cannot look into it for the purpose of either aiding or defeating those which are. Upon separate demurrers, each count must stand or fall upon its own merits. But even if it be conceded that the principal is not paid, it would seem that that circumstance would not preclude the borrower from bringing his suit. It is the payment of the usury as such which gives the right of action. See *Wood vs. Lake*, decided at the present term, [*ante*, p. 84], and authorities there cited. If it were otherwise, the statute would be wholly inoperative in all cases where the time fixed for the payment of the principal exceeded one year from the time when the usurious interest was taken.

The fourth and fifth points have been already determined in the case of *Rock River Bank vs. Sherwood*, 10 Wis., 230. It was there decided that the provisions of the statute against usury applied as well to banks as to natural persons, the only difference being that the former are restricted to interest at the rate of ten per cent. per annum, whilst the latter may receive twelve. It therefore follows that a bank may be prosecuted for three times the excess of its legal limit, in the same manner as a natural person who has exceeded his.

The order of the circuit court sustaining the demurrer, is reversed, and the cause remanded for further proceedings in accordance with this opinion.