MATSON v. THE CHICAGO, ROCK ISLAND & PACIFIC R'Y CO.

1. **Railroads**: INJURY TO TRACK-REPAIRER: NEGLIGENCE OF FELLOW-SERVANT: LIABILITY. Plaintiff was a member of a construction gang on defendant's railway, and his duties required him to go and ride upon, and to work upon and about, defendant's cars and tracks, but he was injured by the negligence of a co-employe in throwing a heavy stone upon his hand while engaged in placing stones under the ends of the ties. *Held* that the injury was not in any manner connected with the use or

operation of the railway, as contemplated in § 1307 of the Code, and that the defendant was not liable. *Foley v. Chicago, R. I. & P. R'y Co.*, 64 Iowa, 644, and *Malone v. Burlington, C. R. & N. R'y Co.*, 65 Id., 417 followed.

## *Appeal from Scott Circuit Court.*

### WEDNESDAY, DECEMBER 16

, ACTION to recover damages for a personal injury. There was a demurrer to the petition, which was sustained. The plaintiff appeals.

*W. A. Foster*, for appellant.

*Cook & Dodge*, for appellee.

ROTHROCK, J.—It is averred in the petition " that on or about May 5, 1883, plaintiff was a servant and employe of defendant, being engaged as a member of a construction gang, whose duties required him to go upon the cars and trains of defendant, and ride upon the same, and to work about, upon and around said trains and the tracks upon which they were run, and, as a gravel-train man, his sole and only duties required constant labor about, around and upon trains, both while stationary and in motion; that he was about defendant's cars and trains and upon defendant's main track, and had just ridden upon defendant's train rightfully and in the performance of his duty, when he received the injury complained of, without fault or negligence on his part; that in obedience to the instructions of plaintiff's foreman, he and others were engaged in placing large stones under the ends of the ties on defendant's main track, and that, while plaintiff was carefully and properly sliding a stone to its destination, and properly holding and moving the same with his hands, a fellow-servant and employe of defendant, also a member of said construction or gravel-train force, standin back and a little to one side of plaintiff, hurled a heavy st without warning to plaintiff, in such a manner that

upon plaintiff's hand, crushing the same, and rendering stiff every joint in the fingers of said hand, to plaintiff's injury loss of time, physician's bills, medicines, pain of body, anxiety of mind and permanent injury, in the sum of $8,000." The demurrer was upon the ground that "the negligent act of plaintiff's fellow-servant, as alleged, which injured plaintiff, was not connected with the use and operation of defendant's railroad."

It will be observed from the averments of the petition that the injury complained was not caused by the movement of a train, or by the operation of the railroad. The plaintiff and his fellow-servants were not upon or about any train, nor any moving cars, and were not using any appliances in any manner connected with the use and operation of the railway. They were engaged in repairing or improving the railroad track, and, while so doing, a fellow-servant of the plaintiff threw or dropped a heavy stone upon the plaintiff's hand. Under the construction placed upon section 1307 of the Code in the cases of *Malone v. Burlington, C. R. & N. R'y Co.*, 65 Iowa, 417, and *Foley v. Chicago, R. I. & P. R'y Co.*, 64 Id., 644, the demurrer in this case was properly sustained, because the wrong of which the plaintiff complains was not in any manner connected with the use or operation of defendant's railway. We do not think it is necessary to further elaborate this case. We are content to follow the cases above cited, both of which were ably and exhaustively argued, and there was a petition for rehearing in *Foley's Case*, which, with the argument thereon, presented every thought now called to our attention.

AFFIRMED.