LOUIS A. NJUS *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

August 10, 1891.

Action by Servant for Injury through Negligence of Fellow-Servant in Another State.—In a case of an injury to plaintiff in Iowa, by the negligence of a co-servant in the employment of the defendant, the facts considered, and *held* that, under the statute of that state prescribing the liability of railroad companies for injuries caused by the negligence of its employes, as construed by the supreme court of that state, the plaintiff can recover.

Same—Damages.—The damages awarded, *held* not excessive.

Appeal by defendant from an order of the district court for Free-born county, *Farmer, J.*, presiding, refusing a new trial after verdict of $1,500 for plaintiff, who lost his left thumb under the circumstances stated in the opinion.

*W. E. Todd* and *H. H. Field,* for appellant.

*Lovely & Morgan* and *D. F. Morgan,* for respondent.

GILFILLAN, C. J.   Plaintiff, while working for the defendant as a "sectionman," was injured in the state of Iowa, through the negligence, as alleged, of others of the sectionmen with whom he was working.   The section crew of which he was one, with three other section crews, were ordered to go upon a train of four flat-cars loaded with railroad iron, and drawn by an engine, and going east from a station called Cresco, and stopping at various points, where the men threw off a sufficient number of bars of the iron to repair the track at each point.   At one point, when the train was at rest, and the men were engaged in throwing off iron bars, the plaintiff was injured in consequence, as claimed, of the negligent manner in which the other men working with plaintiff let one of the bars drop.   The defendant urges that it was a case of co-employes, and governed by the rules of the common law in respect to the right of a servant to recover from the master for an injury caused by the negligence of a co-servant in the same general employment.   The plaintiff urges that it comes within the statute of Iowa, (similar in its main features to the statute of this state on the same subject,) prescribing the liability of railroad companies for injuries caused by the negligence of their employes.

As the injury occurred in the state of Iowa, the question whether a cause of action therefor arose must be determined by the law of that state.   What that law was, whenever the question arises upon a trial in this state, is a question of fact.   To determine what that law was, the terms of the statute, as set out in the complaint, were admitted, and it was agreed that all the decisions of the supreme court of Iowa should be considered in evidence, without particular citation.   The courts of that state have had similar difficulties in construing and applying their statute to those we have had in construing and applying ours.   Of course, the decisions of this court,

upon our statute, do not determine the question; but it must be determined by the decisions in Iowa, whether they are in accord with the decisions in this state or not. The cases coming before the supreme court in that state, in which the statute has been held to apply, have generally been cases where the injury was in some way connected with, or caused by, the movement or operating of trains. But there are other cases in which the court held the statute to apply, although the injury was not caused by the actual moving or operating of trains. Thus in *Deppe* v. *Chicago, R. I. & Pac. Ry. Co.*, 36 Iowa, 52, it was held that an employe engaged in connection with a dirt train, injured while loading a car, though it was standing still, by the fall of an impending bank of earth, could recover; and in the case of *Smith* v. *Humeston, etc., Ry. Co.*, 78 Iowa, 583, (43 N. W. Rep. 545,) the latest case to which we are referred, that it applied to a sectionman whose duty it was to ride on the train, and remove obstructions (of snow) as they were encountered, and who, while the train was standing still, was injured by stepping upon the platform of a car, where he had a right to go, in consequence of its unsafe condition. There are also other cases, such as *Potter* v. *Chicago, R. I. & Pac. Ry. Co.*, 46 Iowa, 399; *Smith* v. *Burlington, C. R. & N. Ry. Co.*, 59 Iowa, 73, (12 N. W. Rep. 763;) *Foley* v. *Chicago, R. I. & Pac. Ry. Co.*, 64 Iowa, 644, (21 N. W. Rep. 124;) *Malone* v. *Burlington, C. R. & N. Ry. Co.*, 65 Iowa, 417, (21 N. W. Rep. 756;) *Luce* v. *Chicago, St. Paul, M. & O. Ry. Co.*, 67 Iowa, 75, (24 N. W. Rep. 600;) *Matson* v. *Chicago, R. I. & Pac. Ry. Co.*, 68 Iowa, 22, (25 N. W. Rep. 911;) *Stroble* v. *Chicago, Mil. & St. Paul Ry. Co.*, 70 Iowa, 555, (31 N. W. Rep. 63,)—in which, though the servant was working on or about the railroad or the cars, his work was not directly connected with the movement of trains, and he was not injured by such movement, it was held that the case was not within the statute. It is perhaps hard to distinguish some of these cases from those of Deppe and Smith. This case is more like the Deppe and Smith cases than most of the others cited. The plaintiff was working on the train, which, as we understand the case, was on defendant's main track, and in the way of trains running upon that track, and the work of the sectionmen had to be done, doubtless, with ref-

·erence to their being on the track, and to the necessity of getting out ·of the way of regular trains. From our examination of the Iowa de·cisions, we are satisfied that, were the case before the supreme court of that state, it would sustain plaintiff's action.

The damages at first impression seem large, but, when the nature ·of the injury and condition in which it leaves plaintiff are considered, not so large as to be deemed excessive.

Order affirmed.