## CHARLES A. AMES v. PETER BENJAMIN.

November 29, 1898.

Nos. 11,372—(72).

**Conflict of Laws—Usury—Rate of Interest at Place Where Note is Payable.**

The general principle in relation to contracts made in one place, to be executed in another, such as promissory notes executed and delivered in one state and made payable in another, is that they are to be governed by the law of the place of performance, and, if the interest allowed by the law of the place of performance is higher than that permitted at the place of the delivery of the contract, the parties may stipulate for the higher rate of interest without incurring the penalties of usury, providing this be done without any intent to evade the usury law of the place of the contract.

**Same—Intent to Evade Law.**

An intent to evade the usury laws of this state will not be inferred from the mere fact that the payees of a note executed and delivered in Minnesota, bona fide residents of another state, in which the stipulated rate of interest was lawful, made such note payable at their usual place of business in such other state.

Action in replevin in the district court for Todd county to recover possession of an engine, water tank and drive belt. Plaintiff claimed as assignee of a chattel mortgage upon the property given to secure three promissory notes of $200 each, and drawing 12 per cent. interest. Defendant contended that said notes and mortgage were usurious and void. From an order denying a new trial, after a judgment for defendant entered pursuant to findings by Baxter, J., plaintiff appealed. Reversed.

*George S. Grimes*, for appellant.

*L. M. Davis* and *N. H. Miner*, for respondent.

An assignee of a mortgage is subject to any and all defense available against the original holder. Watkins v. Goessler, 65 Minn. 118; Oster v. Mickley, 35 Minn. 245.

COLLINS, J.

The chattel mortgage upon which plaintiff relied to support his claim of ownership and right of possession was executed, acknowledged and delivered in this state, by a resident thereof, this defendant. The mortgaged property was then in this state, and delivery thereof to the mortgagor, as vendee, by the mortgagees, as vendors, was simultaneous with the delivery of the mortgage. The notes secured by the last-mentioned instrument were executed and delivered at the same time and place to one of the firm of Propper & Harwood, payees, who resided at Wahpeton, North Dakota. Each was dated at said Wahpeton, bore interest at the rate of 12 per cent. per year, and was made payable at the payees' office at said Wahpeton.

As will have been noticed, the rate of interest fixed in these instruments was usurious under the statute of Minnesota; but, so far as shown by the evidence, there was nothing in the transaction which indicated any attempt on the part of the payees to evade our usury laws, unless such attempt is to be inferred from the mere fact that the notes were made payable in North Dakota, and drew a rate of interest in excess of that permitted in Minnesota. It is contended that, as the place of payment was fixed at Wahpeton, in North Dakota, in which state the agreed rate of interest was and is lawful, the notes become North Dakota contracts, and enforceable everywhere.

The general principle in relation to contracts made in one place, to be executed in another, such as promissory notes executed and delivered in one state, but made payable in another, is well settled. They are to be governed by the laws of the place of performance; and, if the interest allowed by the laws of the place of performance is higher than that permitted at the place of the delivery of the contract, the parties may stipulate for the higher interest without incurring the penalties of usury. Wharton, Confl. Laws, § 503; Story, Confl. Laws, § 280; 3 Am. & Eng. Enc. 549, and cases cited in notes 5 and 6. See also Peck v. Mayo, 14 Vt. 33, in which Judge Redfield discusses the governing rules.

Of course, it must be understood that making the note payable in another state, wherein a higher rate of interest is permitted than

in our own, must not be a device to evade the usury laws of Minnesota. The transaction must be free from an intent to violate the statutes of this state. From the mere fact that the payees of the notes in question, bona fide residents of North Dakota, caused them to be made payable at their usual place of business, in the state of their residence, we cannot infer an illegal intent.

Order reversed, and a new trial granted.