# FRANK A. JOHNSON v. PETER NELSON.[1]

January 8, 1915.

Nos. 19,156—(301).

**Workmen's Compensation Act of Wisconsin — servant's right to compensation.**

Plaintiff on April 2, 1913, entered defendant's employ upon railroad construction work. He worked at two different places in this state. On June 26 the same year he was asked to go to Wisconsin on similar work there being done by defendant. He accepted, and was injured four days thereafter. His original hiring was for no definite time and for no particular place. On June 10 defendant had elected to accept the provisions of the Workmen's Compensation Act of Wisconsin. In this action to recover damages for the injury, alleged to have been caused by defendant's negligence, it is *held:*

(1) That plaintiff's right to damages or compensation depends upon the law of Wisconsin where the injury was received.

(2) The defendant being under the act when plaintiff was requested to go to work in Wisconsin, the latter also elected to accept the provisions of the act, since he failed to give written notice to the contrary. The contract of hiring, as referred to in the Wisconsin act, must be considered made when the employment in Wisconsin was accepted.

(3) Plaintiff cannot plead ignorance of the laws of the state wherein his employment was performed, and under which alone his right to redress for the injury must be asserted.

Action in the district court for Hennepin county to recover $50,000 for personal injuries received while in the employ of defendant. Defendant's motion for judgment in its favor on the pleadings was granted by Hale, J. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

[1] Reported in 150 N. W. 620.

---

Note.—On the question of conflict of laws as to actions for death or bodily injury, see note in 56 L.R.A. 193.

As to the constitutionality of workmen's compensation acts, see notes in 34 L.R.A.(N.S.) 162 and 37 L.R.A.(N.S.) 466.

*Larrabee & Davies,* for appellant.

*John Junell* and *Cohen, Atwater & Shaw,* for respondent.

HOLT, J.

A judgment, rendered in defendant's favor upon the pleadings, is assailed by this appeal. The complaint states facts entitling plaintiff, a servant, to damages against his master, the defendant, for injuries sustained in the employment because of the latter's negligence. The injuries were received on June 30, 1913, while plaintiff was working near Owen, in the state of Wisconsin, at railroad construction in which defendant was there engaged. The answer alleged that at the time of the injury, and long prior thereto, there was in force in the state of Wisconsin a statute known as the "Workmen's Compensation Act"; that both plaintiff and defendant were under the act, defendant having duly elected to accept its provisions on June 10, 1913, and that plaintiff, who was not employed for the work until June 26, 1913, and did not begin his services until June 29, 1913, elected to accept in that he failed to give written notice that he would not; that hence plaintiff's sole remedy for the injuries received is under the provisions of that act; and that defendant is ready and willing to pay all sums and perform everything therein demanded. The reply admitted the law of Wisconsin as alleged in the answer, also that at the time therein stated defendant placed himself thereunder, and that plaintiff did not begin his service in the state of Wisconsin until June 29, 1913. He further averred that during the summer months of 1912 he worked for defendant in railroad construction, but when he quit late in the fall nothing was said as to work next year; that on the first of April, 1913, plaintiff met defendant in the city of Minneapolis, Minnesota, and was requested to again enter upon the same kind of work near that city, nothing being said as to how long, or at what wages, he should work; that he began work the next day and continued until it was done, and then was sent, with other men, to northern Minnesota where he did like work until about June 26, 1913, when defendant told plaintiff to go to Owen, Wisconsin, and work under the son of defendant, which he did, beginning there June 29; that he received wages for every working day from April 2,

1913, up to and including the day of the accident, and also his transportation from place to place; and that plaintiff had no knowledge of this Wisconsin statute prior to his injury.

Plaintiff insists that the Workmen's Compensation Act of Wisconsin does not apply to this case, because he had not placed himself thereunder, either by written notice or by remaining in the service for 30 days after the defendant accepted its provisions. The part of the act involved in this suit reads: "Section 2394-8. Any employee as defined in subsection 1 of the preceding section shall be subject to the provisions of sections 2394-1 to 2934-31, inclusive. Any employee as defined in subsection 2 of the preceding section shall be deemed to have accepted and shall, within the meaning of section 2394-4, be subject to the provisions of sections 2394-1 to 2394-31, inclusive, if at the time of the accident upon which liability is claimed:

"1. The employer charged with such liability is subject to the provisions of sections 2394-1 to 2394-31, inclusive, whether the employee has actual notice thereof or not; and

"2. Such employee shall not, at the time of entering into his contract of hire, express or implied, with such employer, have given to his employer notice in writing that he elects not to be subject to the provisions of sections 2394-1 to 2394-31, inclusive, or, in the event that such contract of hire was made in advance of such employer becoming subject to the provisions of sections 2394-1 to 2394-31, inclusive, such employee shall have given to his employer notice in writing that he elects to be subject to such provisions, or, without giving either of such notices, shall have remained in the service of such employer for 30 days after the employer has filed with said board an election to be subject to the terms of sections 2394-1 to 2394-31, inclusive."

It is argued that the contract of hiring, whether made April 2 or June 26, 1913, was made in this state, and the duties and obligations of the parties are governed by our law unaffected by that of Wisconsin. Viewing plaintiff's rights based upon defendant's duties as employer, from a contract standpoint alone, this is not true. The general rule as to law of contracts is that "as to matters pertaining

to the performance of contracts the laws of the place of performance govern." 1 Dunnell, Minn. Dig. § 1532; Ames v. Benjamin, 74 Minn. 335, 77 N. W. 230. But, although plaintiff's cause of action is predicated upon his relation of a servant to defendant, and the latter's obligations as master, it is, nevertheless, one in tort. As to such actions the law is well settled that the liability, or right of action, is determined by the law of the place where the injury is inflicted, without regard to the law of the forum or the law of the place where the contract was made. Herrick v. Minneapolis & St. L. Ry. Co. 31 Minn. 11, 16 N. W. 413, 47 Am. Rep. 771; Njus v. Chicago, M. & St. P. Ry. Co. 47 Minn. 92, 49 N. W. 527; Brunette v. Minneapolis, St. P. & S. S. M. Ry. Co. 118 Minn. 444, 137 N. W. 172; Northern Pac. Ry. Co. v. Babcock, 154 U. S. 190, 14 Sup. Ct. 978, 38 L. ed. 958; Cuba R. Co. v. Crosby, 222 U. S. 473, 32 Sup. Ct. 132, 56 L. ed. 274, 38 L.R.A.(N.S.) 40; St. Louis, I. M. & S. Ry. Co. v. Brown, 67 Ark. 295, 54 S. W. 865; Hyde v. Wabash, St. L. & P. Ry. Co. 61 Iowa, 441, 16 N. W. 351, 47 Am. Rep. 820; Bruce's Adm'r v. Cincinnati Ry. Co. 83 Ky. 174; Pullman Palace Car Co. v. Lawrence, 74 Miss. 782, 22 South. 53; Burns v. Grand Rapids & I. Ry. Co. 113 Ind. 169, 15 N. E. 230; Pendar v. N. & B. Am. Machine Co. 35 R. I. 321, 87 Atl. 1. In the case of Cuba R. Co. v. Crosby, supra, it is said: "With very rare exceptions the liabilities of parties to each other are fixed by the law of territorial jurisdiction within which the wrong is done and the parties are at the time of doing it." And in Burns v. Grand Rapids & I. R. Co. supra, we find: "All cases agree that whatever the law of the forum may be, the plaintiff's case must stand, if at all, so far as his right of action is concerned, upon the law of the place where the injury occurred. Unless the alleged wrong was actionable in the jurisdiction in which it was committed there is no cause of action which can be carried to and asserted in any other jurisdiction." This eliminates from consideration the law of the place where the contract of employment was made in determining what redress plaintiff may have for the injuries received when working for defendant in Wisconsin. Plaintiff must resort to the law as it is in that state to find his right to relief.

The state of Wisconsin by the Workmen's Compensation Act

128 M.—11.

permits the employee and employer to renounce the remedy given by the common law for injuries received by the servant in the course of the employment, and to accept in lieu thereof the compensation provided under the act. So far the act has withstood the assaults made upon it. Borgnis v. Falk Co. 147 Wis. 327, 133 N. W. 209, 37 L.R.A.(N.S.) 489. This decision we should apply insofar as it determines the questions raised herein. We also have sustained a law of like character. Mathison v. Minneapolis Street Ry. Co. 126 Minn. 286, 148 N. W. 71. These two decisions answer the arguments advanced against the constitutionality of this and similar legislative acts affecting the common-law remedy of a servant for injuries suffered through the master's negligence.

Eighteen days prior to the time plaintiff came to Wisconsin and there began his work, defendant elected to accept the provisions of the compensation act. The question then is whether, under that part of the law above set out, it must be held that plaintiff also had accepted. It seems to us that the status of the employer in respect to the act at the time the employee enters the service in Wisconsin, determines what action the latter must take. If at that time the employer is within the act, the employee must then elect, and is held to have accepted, unless written notice to the contrary is given. Knowledge of the employer's election to accept is conclusively imputed to all employees. Section 2394–29 of the act. And considering the contract of hiring in this case, as set out in the reply, we reach the conclusion that plaintiff, by failing to give written notice of nonacceptance when he entered the service in Wisconsin, accepted the provisions of the act. The employment was for no definite period. When plaintiff, on June 26, 1913, was requested to go to Wisconsin, he was free to accept or refuse. Had he refused, no existing contract between the parties would have been breached. Nor would there, had plaintiff then been discharged. Therefore when he agreed to go, it was in reality a new hiring for that work. That was the first time plaintiff was in position to choose between the two remedies open to him in Wisconsin, in case he, in his contemplated employment, should meet with an injury. The contract of hire, referred to in the statute quoted

above, must mean an agreement to work in Wisconsin, where the law applies.

But it is said, the reply alleges that plaintiff had no knowledge of the law of Wisconsin, especially the statute law. Since plaintiff must plant his right to recover upon the laws of that state, we do not think he can plead ignorance of either the statutory or the common law, as there administered, which may affect such right. A person is presumed to know and understand the law of the state wherein he transacts business. These cases so hold: Bentley v. Whittemore, 18 N. J. Eq. 366; Dank v. Spalding, 9 N. Y. 53; Hill v. Spear, 50 N. H. 253, 9 Am. Rep. 205. In criminal cases ignorance of the law excuses the foreigner no more than the citizen. It cannot be possible that the laws of any state will permit a discrimination against its own inhabitants as regards remedies for personal injuries, or make such remedies dependent upon knowledge or ignorance of the law on that subject.

The trial court ruled rightly that the sole remedy open to plaintiff is now to be found in the provisions of the Wisconsin Workmen's Compensation Act.

Judgment affirmed.