## WILLIAM G. MOLLER v. C. C. SYBILRUD AND ANOTHER.[1]

May 9, 1930.

No. 27,792.

*Moonan & Moonan* and *Gallagher, Madden & Gallagher,* for appellants.

*Leach & Leach,* for respondent.

HILTON, J.

Defendants C. C. Sybilrud and W. F. Sybilrud (father and son) appeal from a judgment.

This is an action by the receiver of the First National Bank of Alma, Wisconsin (hereinafter called the bank) to recover principal and unpaid interest due on a $490 note, payable to the bank, signed by appellants, and indorsed by a named defendant, Trythall, upon whom service was not made. and who did not appear. The case was tried to the court without a jury. Plaintiff had judgment for the full amount claimed.

[1]Reported in 230 N. W. 812.

W. F. Sybilrud was engaged in the jewelry business at Alma and was desirous also of engaging in the piano business to a limited extent. To that end he made certain arrangements with Trythall, the agent of a piano company; under such arrangements it was necessary for the purchase price of pianos to be on hand when they were received at Alma for sale. The bank was not a party to this plan.

W. F. Sybilrud had done business with the bank for some time and had a limited line of credit with it. When the matter of making the note in question came up, the cashier of the bank informed him that it would be necessary that he furnish security for further credit, and inquiry was made relative to his father, who was a farmer in Minnesota. W. F. Sybilrud then made out and delivered to the bank a property statement as to the financial condition of his father showing a net worth of over $35,000.

Using the usual printed form of the bank, containing its name as payee, the cashier drew up a note for $490, payable on or before six months after date. The form provided that the rate of interest after maturity should be ten per cent per annum. The son signed the note and sent it to his father for signature. The father signed the note and returned it to the son. The latter with Trythall took it to the bank where it was indorsed by Trythall. It was then purchased by the bank and placed with its bills receivable. Under the provisions of the note the makers and indorsers waived demand, protest and notice of nonpayment. The $490 was at once placed to the credit of Trythall's account. Trythall checked the money out of the bank before it closed.

The court found that Trythall indorsed the note as indorser for credit and for the purpose of giving credit to the note; that no part of it was paid except the interest thereon up to October 18, 1923 (W. F. Sybilrud at the time he paid interest made no objection to the indebtedness). The court further found:

"That at the time of the delivery of said note to the First National Bank of Alma the officer of said bank inserted in the blank space provided for the interest rate the figure seven, indicating that said

note was to draw interest from the date of its execution at the rate of seven per cent per annum, and that said interest rate was so inserted and filled in with the knowledge, consent and approval of the makers of said note and their duly authorized representatives and agents."

The testimony of the two officers of the bank was that the rate of interest (seven per cent) was filled in by the cashier in the presence of W. F. Sybilrud before the note was signed by him and sent to his father. W. F. Sybilrud himself testified that the interest rate was filled in by the cashier in the presence of himself and Trythall at the time the note was delivered to the bank; that he (Sybilrud) made no objection to such insertion. The figure "7" appears very indistinctly in the blank space. It is of course possible that C. C. Sybilrud did not notice it. The evidence sufficiently supported the findings of the court and would have supported a finding that the figure "7" was inserted as testified to by the bank officials.

Defendants contend that there was a fraud perpetrated because Trythall did not later deliver the piano as promised. The bank had nothing to do with the carrying out of such a promise. There was a dispute as to whether one was delivered. As far as the bank was concerned it made no difference. Fraud is not to be presumed, and the court failed to find any. Cases cited by defendants. where fraud was found by the jury on sufficient evidence are not here in point.

It is further claimed that there was a failure of consideration; that there had been a material alteration of the note in filling in the rate of interest. Neither of these positions is tenable. The court committed no error in failing so to find. The note was accommodation paper given for the purpose intended by the parties. The bank was a bona fide holder for value. Tourtelot v. Reed, 62 Minn. 384, 64 N. W. 928; Rea v. McDonald, 68 Minn. 187, 71 N. W. 11.

Under the laws of this state interest is forfeited if a promissory note bears greater interest after maturity than before. G. S. 1923 (2 Mason, 1927) § 7036. The laws of Wisconsin contain no such

provision. The transaction here involved was a Wisconsin contract; its law controls. Mueller v. Ober, 172 Minn. 349, 215 N. W. 781, and cases cited. It is not necessary for us to refer to the statutes or decisions recognizing the prima facie authority of a person in possession of an instrument wanting in any material particular to complete it by filling in the blanks therein.

We have examined all the assignments of error and find no ground therein for a reversal.

Judgment affirmed.